1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7          **CENTRAL DISTRICT OF CALIFORNIA**
8

9  UNICOLORS, INC.,                )  CV 15-08596 RSWL (FFMx)
                                    )
10              Plaintiff,          )
                                    )  **ORDER Re: APPLICATION**
11      v.                          )  **FOR DEFAULT JUDGMENT BY**
                                    )  **THE COURT AGAINST**
12                                  )  **DEFENDANT JOY 153, INC.**
   JOY 153, INC., *et al.*,         )  [19]
13                                  )
                Defendants.         )
14                                  )
                                    )
15 _____)

16      Now before this Court is Plaintiff Unicolors Inc.'s

17 ("Plaintiff") Application for Default Judgment by Court

18 Against Defendant Joy 153, Inc. ("Defendant")

19 ("Application") [19].  The present Application stems

20 from a copyright infringement action against Defendant.

21 Plaintiff alleges Defendant has sold unauthorized

22 reproductions of one if its proprietary textile designs

23 entitled "OH118" (hereinafter the "Subject Design").

24 Upon review of the present Motion and all relevant

25 papers, this Court **GRANTS** Plaintiff's Application for

26 Default Judgment, and in doing so, **GRANTS** Plaintiff's

27 request for statutory damages, costs, and attorneys'

28 fees.

# I.  BACKGROUND

## A.  Factual Background

Plaintiff composed the Subject Design, an original, two-dimensional design, for use on textiles.  Compl. ¶ 11, ECF No. 1.  At all relevant times, Plaintiff was the exclusive owner of the Subject Design.  Id.  Thereafter, Plaintiff applied for and received a United States Copyright Registration for the Subject Design.  Id. at ¶ 12.  Prior to this action, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.  Id. at ¶ 13. Plaintiff agreed that Defendant would be granted the right to exploit the Subject Design on a certain amount of product in exchange for Defendant obtaining permission to do so and tendering a royalty payment to Plaintiff.  Id. at ¶ 14.  Defendant's right to exploit the Subject Design was conditioned on the making of this payment, which Plaintiff alleges, was never made.  Id.

Plaintiff alleges that Defendant, along with other Defendants that have since been dismissed, "created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design (hereinafter 'Infringing Garments') to at least one retailer . . . that then sold the garments to the public."  Id. at ¶ 18.  Plaintiff seeks statutory damages pursuant to Section 504(c)(2) of the Copyright Act, attorneys' fees, and costs.  Id. at ¶

25; Appl. for Default Judg. ("Appl.") 10:2-14:9, ECF No. 19.

**B.   Procedural Background**

Plaintiff filed its Complaint on November 3, 2015 [1].  On November 12, 2015, Plaintiff filed a Notice of Dismissal, dismissing from the action without prejudice Defendants Nordstrom, Inc. and Lush Clothing Company, LLC [8].  The action continues against Defendant Joy 153, Inc.  On February 9, 2016, Plaintiff requested that the clerk of Court enter default against Defendant [16]. On February 10, 2016, the clerk of Court entered default against Defendant [17].  On April 1, 2016, Plaintiff filed the present Application [19].  The Application was set for hearing on May 3, 2016.  The Court found the Application suitable for decision without oral argument, and accordingly took the Application under submission on April 28, 2016 [22].

### II.   ANALYSIS

**A.   Legal Standard**

1.   Application for Default Judgment

Default judgment is within the discretion of the district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see Fed. R. Civ. P. 55.  A party applying to the Court for default judgment must satisfy both procedural and substantive requirements.

Procedurally, the requirements set forth in Federal Rules of Civil Procedure Rules 55 and 56, and Local Rule 55-1 must be met.  See Vogel v. Rite Aid Corp., 992 F.

1  Supp. 2d 998, 1006 (C.D. Cal 2014).  Local Rule 55-1
2  provides: "When an application is made to the Court for
3  a default judgment, the application shall be accompanied
4  by a declaration in compliance with Fed. R. Civ. P.
5  55(b)(1) and/or (2) and include the following: (a) When
6  and against what party the default was entered; (b) The
7  identification of the pleading to which default was
8  entered; (c) Whether the defaulting party is an infant
9  or incompetent person, and if so, whether that person is
10 represented by a general guardian, committee,
11 conservator or other representative; (d) That the
12 Service Members Civil Relief Act, 50 U.S.C. § 521, does
13 not apply; and (e) That notice has been served on the
14 defaulting party, if required by Federal Rule of Civil
15 Procedure 55(b)(2)."  L.R. 55-1.
16     Substantively, the Ninth Circuit has directed that
17 courts consider the following factors, referred to as
18 the Eitel factors in deciding whether to enter default
19 judgment: "(1) the possibility of prejudice to
20 plaintiff, (2) the merits of plaintiff's substantive
21 claim, (3) the sufficiency of the complaint, (4) the sum
22 of money at stake in the action, (5) the possibility of
23 a dispute concerning the material facts, (6) whether
24 defendant's default was the product of excusable
25 neglect, and (7) the strong public policy favoring
26 decisions on the merits."  See Vogel, 992 F. Supp. 2d at
27 1005; see also Eitel v. McCool, 782 F.2d 1470, 1471 (9th
28 Cir. 1986).  Additionally, "[w]hen entry of judgment is

4

1  sought against a party who has failed to plead or
2  otherwise defend, a district court has an affirmative
3  duty to look into its jurisdiction over both the subject
4  matter and the parties." _In re Tuli_, 172 F.3d 707, 712
5  (9th Cir. 1999).

6      In analyzing these factors, the Court may base its
7  judgment entirely upon the affidavits submitted by the
8  parties. _Davis v. Fendler_, 650 F.2d 1154, 1161 (9th
9  Cir. 1981).  If the Court determines that the defendant
10  is in default, "'the factual allegations of the
11  complaint, other than those relating to damages, are
12  taken as true.'" _Televideo Sys., Inc. v. Heidenthal_,
13  826 F.2d 915, 917-18 (9th Cir. 1987) (quoting _Geddes v._
14  _United Fin. Group_, 559 F.2d 557, 560 (9th Cir. 1977)).
15  Additionally, "[w]hen entry of judgment is sought
16  against a party who has failed to plead or otherwise
17  defend, a district court has an affirmative duty to look
18  into its jurisdiction over both the subject matter and
19  the parties." _In re Tuli_, 172 F.3d 707, 712 (9th Cir.
20  1999).

21  **B.**   **Analysis**

22      1.   _Application for Default Judgment_

23          a.   _Jurisdiction and Service of Process are_
24              _Proper_

25      In considering whether to enter default judgment
26  against a party for failing to plead or otherwise defend
27  itself in an action, a district court must first
28  determine whether it has jurisdiction over the subject

1  matter and the parties to the case.  In re Tuli, 173

2  F.3d 707, 712 (9th Cir. 1999).

3      Generally, a defect in personal jurisdiction is a

4  defense that must be asserted or waived by a party.  Id.

5  (citing Fed. R. Civ. P. 12(h)(1)).  However, when a

6  court is considering whether to enter default judgment,

7  the court may dismiss the action *sua sponte* for lack of

8  personal jurisdiction, for a "judgment entered without

9  personal jurisdiction over the parties is void."  Id.

10 This Court finds that service of process was proper, and

11 the Court has jurisdiction over the parties and the

12 subject matter in this action.

13              *i.  Personal Jurisdiction*

14     Due process requires that a defendant have "certain

15 minimum contacts with [the forum state] such that the

16 maintenance of the suit does not offend traditional

17 notions of fair play and substantial justice."  Int'l

18 Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)

19 (internal quotation marks omitted).  Depending on the

20 nature and scope of the defendant's contacts with the

21 forum, jurisdiction may be general or specific to a

22 cause of action.  Roth v. Garcia Marquez, 942 F.2d 617,

23 620 (9th Cir. 1991).  When a defendant's contacts with

24 the forum state are "substantial" or "continuous and

25 systematic," general jurisdiction may be exercised over

26 that defendant for any cause of action, even if it is

27 unrelated to the defendant's activities with the forum

28                          6

1  state.   _Schwarzeneggar v. Fred Martin Motor Co._, 374

2  F.3d 797, 801-02 (9th Cir. 2004); _Data Disc, Inc. v._

3  _Sys. Tech. Assocs._, 557 F.2d 1280, 1287 (9th Cir. 1977).

4  "A court may exercise specific jurisdiction where the

5  suit 'arises out of' or is related to the defendant's

6  contacts with the forum and the defendant 'purposefully

7  avails itself of the privilege of conducting activities

8  within the forum State, thus invoking the benefits and

9  protections of its laws.'"   _Tuazon v. R.J. Reynolds_

10 _Tobacco Co._, 433 F.3d 1163, 1169 (9th Cir. 2006) (citing

11 _Burger King Corp. v. Rudzewicz_, 471 U.S. 462, 475

12 (1985)).

13     Plaintiff is a California corporation with its

14 principal place of business in Los Angeles County.

15 Compl. ¶ 4.   Defendant is a California corporation with

16 its principal place of business located in Los Angeles,

17 California.   _Id._ at ¶ 5.   This Court thus finds it has

18 general personal jurisdiction over Defendant, as

19 Defendant's contacts with the forum state are sufficient

20 to approximate physical presence.   See _Bancroft &_

21 _Master, Inc. v. Augusta Nat'l Inc._, 223 F.3d 1082, 1086

22 (9th Cir. 2000).   Alternatively, this Court has specific

23 personal jurisdiction over Defendant, as the present

24 suit arises out of Defendant's contacts with the forum

25 state, the sale of the Infringing Garments.   _Burger King_

26 _Corp._, 471 U.S. at 475.

27 //

28                              7

1                    ii. *Subject matter jurisdiction*

2        This Court finds it has subject matter jurisdiction

3   over this matter, as Plaintiff's claims for copyright

4   infringement and vicarious and/or contributory copyright

5   infringement arise under the Copyright Act of 1976,

6   Title 17 U.S.C. § 101 *et seq.*  This Court thus has

7   federal question jurisdiction over these claims pursuant

8   to 28 U.S.C. §§ 1331 and 1338(a) and (b).  Furthermore,

9   this Court finds it has supplemental jurisdiction over

10  Plaintiff's breach of express and implied contract claim

11  pursuant to 28 U.S.C. § 1367, as it is substantially

12  related to Plaintiff's copyright claims.

13                   iii.     *Service of Process*

14       This Court finds Plaintiff has proffered the

15  requisite Proof of Service [10], showing the Defendant

16  against whom default judgment is sought was properly

17  served with the Summons and Complaint.  Although

18  Defendant has not appeared in this action, Plaintiff has

19  served Defendant with this Application pursuant to Local

20  Rule 55-2.  Not. of Appl. ¶ 8, ECF No. 19.  Nonetheless,

21  as Defendant has not appeared, Plaintiff is not required

22  to serve the present Application on Defendant.  See Fed.

23  R. Civ. P. 55(b)(2) ("If the party against whom a

24  default judgment is sought has appeared personally or by

25  a representative, that party or its representative must

26  be served with written notice of the application at

27  least 7 days before the hearing.").  This Court finds

28                             8

1   service of process is complete and proper.

2               **b.**  *Plaintiff has satisfied the Procedural*

3                  *Requirements for Default Judgment*

4       This Court finds Plaintiff has met all of the

5   procedural requirements for entry of default judgment.

6   Plaintiff's Application includes the identity of the

7   party that default was entered against, and when default

8   was entered against the party.  Appl. ¶ 2.  Furthermore,

9   Plaintiff's Application identifies the pleading to which

10  default was entered, the Complaint.  As Defendant is a

11  business entity, this Court finds Defendant is not an

12  infant, an incompetent person, in military service, or

13  otherwise exempt under the Servicemembers Civil Relief

14  Act.  Id. at ¶ 3.  Additionally, this Court enters

15  default judgment against Defendant because Plaintiff has

16  sufficiently satisfied the substantive requirements for

17  entry of default judgment.

18              **c.**  *Plaintiff has satisfied the Substantive*

19                 *Requirements for Default Judgment*

20              *i.*  *Risk of prejudice to Plaintiff.*

21      The first Eitel factor "considers whether plaintiff

22  will suffer prejudice if default judgment is not

23  entered."  Tate v. Molina, 2015 U.S. Dist. LEXIS 3607

24  (C.D. Cal. Jan. 9, 2015).

25      This Court finds Plaintiff would be prejudiced if

26  default judgment was not entered.  As Defendant has

27  failed to respond to the Complaint, and has not

28                                       9

otherwise appeared or participated in these proceedings, Plaintiff would have no other means of recovery if the Court declined to enter default judgment. <u>See</u> <u>Phillip</u> <u>Morris USA, Inc. v. Castworld Prods., Inc.</u>, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (finding prejudice where Plaintiffs could not otherwise recover damages). This Court finds that because Plaintiff has pursued its case against Defendant, and Defendant has failed to appear in this action, and because it is unlikely there could be any genuine dispute concerning the substantial similarity of the designs or Defendant's access to Plaintiff's designs, Plaintiff would be prejudiced if it were unable to obtain damages arising from the Infringing Garments. This Court finds the first <u>Eitel</u> factor weighs in favor of entry of default judgment.

> *ii. The merits of Plaintiff's substantive claims and sufficiency of the Complaint.*

The second and third <u>Eitel</u> factors consider the merits of Plaintiff's substantive claims and the sufficiency of the complaint. "Under an [<u>Eitel</u>] analysis, [these factors] are often analyzed together." <u>Tate</u>, 2015 U.S. Dist. LEXIS 3607 at *5 (quoting <u>Dr. JKL</u> <u>Ltd. v. HPC IT Educ. Ctr.</u>, 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010)). "These two factors require a plaintiff to 'state a claim on which the [plaintiff] may recover." <u>Id.</u> (quoting <u>Danning v. Lavine</u>, 572 F.2d

1386, 1388 (9th Cir. 1978)).  For purposes of default judgment, all necessary factual allegations, except those pertaining to damages, are deemed admitted. <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 918 (9th Cir. 1987).  The Court finds the second and third <u>Eitel</u> factors favor default judgment because Plaintiff has adequately pled its three claims.  See <u>PepsiCo. Inc. v. California Security Cans</u>, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) (these factors "require that a plaintiff state a claim on which the [plaintiff] may recover")(internal citations omitted).

      1.    Plaintiff has asserted a meritorious claim for Copyright Infringement.

To establish copyright infringement, a plaintiff must demonstrate two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  <u>L.A. Printex Industries, Inc. v. Aeropostale, Inc.</u>, 676 F.3d 841, 846 (9th Cir. 2012) (citing <u>Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.</u>, 499 U.S. 340, 361 (1991)); <u>see also</u> <u>Warner Bros. Entm't Inc. v. Caridi</u>, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]").

Further, "'[b]ecause direct evidence of copying is not available in most cases,' a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar." L.A. Printex, 676 F.3d at 846 (quoting Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996)).

"Proof of access requires 'an opportunity to view or to copy plaintiff's work.'" Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482 (9th Cir. 2000) (quoting Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977)). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1143 (9th Cir. 2009).  Absent direct evidence of access, a plaintiff can prove access using circumstantial evidence of either (1) a "chain of events" linking the plaintiff's work and the defendant's access, or (2) "widespread dissemination" of the plaintiff's work. Three Boys Music, 212 F.3d at 482.

In the present case, this Court finds Plaintiff's Complaint alleges a meritorious copyright infringement claim.  In its Complaint and supporting papers, Plaintiff establishes it is the undisputed owner of a registered copyright, the Subject Design.  Compl. ¶ 12;

Decl. of Nader Pazirandeh ("Pazirandeh Decl.") ¶ 8, ECF No. 19-1; see Appl. Ex. 1 ("Copyright Registration"), ECF No. 19-2.  Plaintiff then establishes that Defendant had the ability to access Plaintiff's Design through Plaintiff's ongoing distribution of design samples to potential customers.  Id. at ¶ 19.  Plaintiff notes this sort of access is typical in Plaintiff's regular course of business.  Id.  Furthermore, Plaintiff shows Defendant had actual access to Plaintiff's Subject Design.  Specifically, Plaintiff shows Defendant ordered fabric from Plaintiff bearing the Subject Design several months prior to this action.  Pazirandeh Decl. ¶ 9; see Appl. Ex 2, ECF No. 19-3.  Plaintiff notes this fabric was to be purchased and sold under a royalty agreement, however Defendant never paid Plaintiff any royalties.  Rather, Defendant simply began selling the Infringing Garments bearing the Subject Design.  Id.  Finally, in comparison of the Subject Design and the Infringing Garments, it is clear to this Court that the two works are "substantially similar," sufficient to establish a viable copyright infringement claim.  See Compl. ¶ 17; Appl. Ex. 3, ECF No. 19-4.  Accordingly, this Court finds Plaintiff has asserted a meritorious claim for copyright infringement.

//
//
//

13

2.   Plaintiff has asserted a
meritorious claim for Vicarious
and/or Contributory Copyright
Infringement.

"A defendant is liable for vicarious copyright infringement 'by profiting from direct infringement while declining to exercise a right to stop or limit it.'"  Paramount Pictures Corp v. International Media Films Inc., No. CV 11-09112, 2013 WL 3215189, at *12 (C.D. Cal. June 12, 2013) (quoting Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005)).  "The test for right or ability to supervise infringing requires both 'a legal right to stop or limit the directly infringing conduct . . . [and] the practical ability to do so.'"  Paramount Pictures Corp., 2013 WL 3215189, at *14 (citing Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701, 730 (9th Cir. 2007)).

This Court finds Plaintiff alleges a meritorious claim for vicarious copyright infringement.  As discussed above, it is clear that Defendant engaged in direct copyright infringement.  This Court further finds it is clear Defendant had a direct financial interest in this infringement, and in fact likely profited off of the sale of the Infringing Garments through resale of the Garments to third-party retailers.

As discussed in Plaintiff's Complaint, Defendant was engaged in the resale of fabric bearing the Subject

14

Design to third-party retailers, without authorization
from or royalty payment to Plaintiff.   Plaintiff alleges
Defendant "created, sold, manufactured, caused to be
manufactured, and distributed garments comprised of
fabric featuring designs which are identical to or
substantially similar to the Subject Design to at least
one retailer, NORDSTROM, that then sold said garments to
the public."   Compl. ¶ 16.   Further, Nader Pazirandeh,
President of Plaintiff corporation, alleges "[Plaintiff]
made a royalty agreement related to [the Subject Design]
with Defendant . . . . [Defendant] never paid any
royalty to [Plaintiff] for the use of [the Subject
Design] . . . . [Plaintiff] discovered that [Defendant]
was selling unauthorized garments bearing [the Subject
Design].   Pazirandeh Decl. ¶¶ 9-11, ECF No. 19-1; see
Pazirandeh Decl. Ex. 2 ("Purchase Order"), ECF No. 19-3.
Plaintiff notes, "each of [the Defendants] have obtained
direct and indirect profits they would not otherwise
have realized but for their infringement of the Subject
Design."   Compl. ¶ 30.   In fact, Defendant "knowingly
induced, participated in, aided and abetted in and
profited from the illegal reproduction and/or subsequent
sales of garments featuring the Subject Design."   Compl.
¶ 27.

Finally, this Court finds that Defendant had the
right and ability to control and/or supervise the
infringing conduct, yet failed to exercise its right to

15

stop the infringement.  As noted above, Defendant benefitted from the infringement through resale of the Infringing Garments to third-parties.  It is thus evident that Defendant had the right and ability to not engage in these transactions with third-party retailers, and thus in declining to do so, could have prevented further infringement of the Subject Design.

This Court additionally finds that Plaintiff alleges a meritorious claim for contributory copyright infringement.  Upon review of the Compliant, the Application, and the parties' Purchase Order, it is clear to this Court that Defendant (1) engaged in direct copyright infringement, (2) was aware of its infringing activity, and (3) induced third-party retailers to engage in infringement.  Paramount Pictures Corp., 2013 WL 3215189, at *13.

> 3.   Plaintiff has asserted a meritorious claim for Breach of Express and Implied Contract.

This Court finds Plaintiff has asserted a meritorious claim for breach of an express and implied contract.  Plaintiff alleges that Defendant "took access to, and possession of, samples of the Subject Design directly from Plaintiff."  Compl. ¶ 32; see Purchase Order, ECF No. 19-3. "[Defendant] received these samples only after expressly agreeing that if it were to create product bearing the Subject Design it would seek

approval and pay Plaintiff a royalty for such use." <u>Id.</u>
Plaintiff notes, "Plaintiff and [Defendant] further
understood and agreed that [Defendant] would not
advertise, promote, or publish the Subject Design or
fabric or garments bearing the Subject Design unless the
products it was advertising, promoting, or publishing
were authorized by Plaintiff, and Plaintiff was paid a
royalty.  This was a condition of any use of the Subject
Design by [Defendant].  No royalty payments were ever
made." <u>Id.</u> at ¶ 34.  Plaintiff argues that "[d]espite
knowledge of these conditions, [Defendant] created or
had created product bearing the Subject Design,
published, advertised and promoted said products, and/or
licensed and transferred the Subject Design to third
parties without payment to, or the permission of,
Plaintiff . . . in violation of the parties' express and
implied agreements as to same." <u>Id.</u> at ¶ 37; <u>see</u> Appl.
Exs. 2, 3.  As Defendant does not appear in this action
to contest these allegations, and Plaintiff supports its
argument with sufficient accompanying exhibits, this
Court finds Plaintiff has asserted a meritorious claim
for breach of express and implied contract.

> *iii.*   *The sum of money at stake in the*
> *action.*

Plaintiff seeks $150,000.00 in statutory damages,
$6,600.00 in attorneys' fees, and $455.66 in costs.
Appl. 9:13-14:9.  Pursuant to the fourth factor, the

17

1 Court must consider the amount Plaintiff requests in
2 monetary damages. Elektra Entm't Group Inc. v.
3 Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005); see also
4 Eitel, 782 F.2d at 1471-72. Thus, as Plaintiff does not
5 seek monetary damages, but rather seeks discretionary
6 awards and statutory minimums, this factor favors
7 granting default judgment. See Elektra, 226 F.R.D. at
8 393.

9        *iv. The possibility of a dispute concerning*
10             *the material facts.*

11    This Court finds that it is not clear there would
12 be any genuine dispute of material fact in the present
13 case, as Defendant has not answered Plaintiff's
14 Complaint or otherwise participated in this litigation.
15 "Upon entry of default, the well-pleaded allegations in
16 the complaint are taken as true, except those relating
17 to damages." Tate, 2015 U.S. Dist. LEXIS 3607 at *12
18 (citing TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d
19 915, 917-918 (9th Cir. 1987)). "In addition, '[t]he
20 district court is not required to make detailed findings
21 of fact.'" Id. (citing Fair Housing of Marin v. Combs,
22 285 F.3d 899, 908 (9th Cir. 2002)). In Tate, the
23 district court found: "Since defendant never answered or
24 otherwise appeared in this action, it is unclear whether
25 there would be any genuine dispute of material facts."
26 Id. As in Tate, this Court finds no impediment to entry
27 of default judgment against Defendant.

28                          18

Furthermore, Plaintiff has proffered sufficient evidence to show it is the owner of a U.S. copyright for the Subject Design, and that Defendant's Infringing Garments are substantially similar to the Subject Design. A side-by-side comparison of the Subject Design and the Infringing Garment show that the Infringing Garments are deceptively similar, almost identical copies of Plaintiff's Design. The similarities between the Subject Design and the Infringing Garments, including the number, size, orientation, weight, thickness, positioning and arrangement of each original ornate motif in the designs pass the extrinsic test for substantial similarity. See Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1077 (9th Cir. 2006). As such, this Court finds it is unlikely there would be a reasonable dispute over the material issues in this matter. This factor weighs in favor of default judgment against Defendant.

> v.   Whether Defendant's default was the
> product of excusable neglect.

"Excusable neglect is an equitable concept that takes account of factors such as 'prejudice . . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Tate, 2015 U.S. Dist. LEXIS 3607 at *12 (quoting Pioneer Inv.

Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  As Defendant has not responded to Plaintiff's Complaint or the present Application, or otherwise appeared in this action, there is no evidence before this Court that Defendant's default is the product of excusable neglect.  Such failure to respond and/or appear favors entry of default judgment against Defendant.  See U.S. v. Waterbabies, LLC, 2010 WL 289075 at *2 (N.D. Cal. Jan. 15, 2010) (finding no "excusable neglect" where the defaulting party had been served and was aware of the lawsuit, but failed to respond in any manner); ACS Recovery Services, Inc. v. Kaplan, 2010 WL 144816 at *7 (N.D. Cal. Jan. 11, 2010) (finding no excusable neglect where defendant was properly served with the summons and complaint and had the opportunity to oppose the request for entry of default and failed to do so).

There is no indication that Defendant's default resulted from "excusable neglect," nor has Defendant appeared to argue as such.  Accordingly, this Court finds the sixth Eitel factor favors entry of default judgment.

vi. *The strong public policy favoring decisions on the merits.*

Although there is a strong policy underlying the Federal Rules of Civil Procedure which favors decisions on the merits "whenever reasonably possible," Tate, 2015

20

U.S. Dist. LEXIS 3607 at *13 (quoting <u>Eitel</u>, 782 F.2d at 1427), "'this preference, standing alone, is not dispositive.'" <u>Id.</u> (quoting <u>Kloepping v. Fireman's Fund</u>, 1996 U.S. Dist. LEXIS 1786 (N.D. Cal. 1996)).  In deciding to grant default judgment, the <u>Tate</u> court noted: "Defendant's failure to answer the Complaint makes a decision on the merits impractical, if not impossible." <u>Id.</u> (citing <u>PepsiCo</u>, 238 F.Supp.2d at 1177).  "Under Fed. R. Civ. P. 55(b), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." <u>Id.</u>

In the present case, Defendant has similarly made it impractical to decide the matter on the merits.  In fact, no adjudication of the substantive claims can occur because Defendant has not appeared in the action.  Because all <u>Eitel</u> factors weigh in favor of default judgment, this Court **GRANTS** Plaintiff's Application [19], and accordingly awards Plaintiff the statutory damages, attorneys' fees, and costs it seeks.

    2.  <u>Plaintiffs' Recovery</u>

        *a.*  *Statutory Damages*

Upon entry of default judgment under Federal Rule of Civil Procedure 55, granting damages is within the "wide latitude" of the district court's discretion. <u>James v. Frame (In re Frame)</u>, 6 F.3d 307, 310 (9th Cir. 1993).  17 U.S.C. § 504 provides, in relevant part: "an infringer of copyright is liable for either - (1) the

copyright owner's actual damages and any additional
profits of the infringer . . . or (2) statutory
damages." 17 U.S.C. § 504(a). "[T]he copyright owner
may elect, at any time before final judgment is
rendered, to recover, instead of actual damages and
profits, an award of statutory damages for all
infringements involved in the action . . . ." 17 U.S.C.
§ 504(c)(1). "In a case where the copyright owner
sustains the burden of proving, and the court finds,
that infringement was committed willfully, the court in
its discretion may increase the award of statutory
damages to a sum of not more than $150,000." 17 U.S.C.
§ 504(c)(2).

Upon default, the factual allegations of the
complaint, except those relating to the amount of
damages, will be taken as true. See TeleVideo Systems,
Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).
Accordingly, on a motion for default judgment, courts
have presumed that allegations of willfulness are true,
and have awarded statutory damages based on willful
copyright infringement. See Elektra Entm't Group Inc.
v. Crawford, 226 F.R.D. 388, 394 (C.D. Cal. Feb. 11,
2005) (granting Plaintiffs' requested statutory damages
upon a finding of willful copyright infringement through
default); Microsoft Corp. v. Wen, No. 99-04561, 2001 WL
1456654, at *5 (N.D. Cal. Nov. 13, 2001) (finding "by
default, Defendants have admitted and the court finds

that Defendants have willfully infringed the rights of
Plaintiff in its federally registered copyrights," and
thus granting Plaintiff the "reasonable" award of
$90,000 in statutory damages).   In fact, in <u>Aries Music
Entm't, Inc. v. Angelica's Record Distributors, Inc.</u> the
Ninth Circuit affirmed the district court's granting of
$150,000.00 in statutory damages against defendants for
copyright infringement, reasoning "the district court's
default judgment includes an implied finding of
wilfulness."   506 Fed. Appx. 550 (9th Cir. 2013).   The
Ninth Circuit further noted that "[a]lthough the
district court did not specifically find that the
defendant acted willfully when it awarded [Plaintiff]
$150,000 in statutory damages, it was not required to do
so in this context," because Plaintiff had specifically
pled continuing willful infringement of its copyrights,
and default judgment against defendants carries an
implied finding of willfulness.   <u>Id.</u>

In the present case, Plaintiff seeks to recover
$150,000.00 from Defendant in statutory damages, the
maximum award allowed for willful copyright
infringement.   <u>See</u> Appl. 10:20-13:16.   Although
Plaintiff proffers no evidence as to what profits
Defendant may have made from the Infringing Garments,
this Court finds an award of $150,000.00 in statutory
damages is both appropriate and warranted in light of
Ninth Circuit and Central District precedent.   The Court

finds Defendant's failure to participate in this action renders Plaintiff unable to determine actual damages and profit disgorgement.  Accordingly, statutory damages are particularly appropriate.  As Plaintiff has sufficiently pled willful copyright infringement, this Court **GRANTS** Plaintiff's request for statutory damages.

> *b.  Attorneys' Fees and Costs*

Pursuant to the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States."  17 U.S.C. § 505; see <u>Elektra Entm't Group</u>, 226 F.R.D. at 395.  Appl. 13:17-14:9.  In its Application, Plaintiff seeks recovery of $455.66 in litigation costs and $6,600.00 in attorneys' fees.  Upon review of the Declaration of Trevor W. Barrett ("Barrett Decl."), this Court **GRANTS** Plaintiff's request for attorneys' fees and costs, and accordingly awards Plaintiff $6,600.00 in attorneys' fees and $455.66 in costs.

### III. CONCLUSION

Based on the foregoing, this Court **GRANTS** Plaintiff's Application for Default Judgment [19]. Additionally, this Court **GRANTS** Plaintiff's request for $150,000.00 in statutory damages, $6,600.00 in attorneys' fees, and $455.66 in costs.

DATED: June 24, 2016          s/ RONALD S.W. LEW
                     **Honorable Ronald S.W. Lew**
                     Senior U.S. District Judge

24